Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Email: jtraurig@archerlaw.com

**Hearing Date and Time**: August 8, 2018 at 10:00 a.m.
**Objection Deadline**: August 1, 2018 at 4:00 p.m.

*Counsel for Howard P. Magaliff,*
*Chapter 7 Trustee of Genesis BBQ*
*USA, LLC, Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re                                                                      Chapter 7

GENESIS BBQ USA, LLC,                                    Case No. 16-22639 (RDD)

                Debtor.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of          Adv. Pro. No. 18-08257 (RDD)
GENESIS BBQ USA, LLC,

                Plaintiff,

       v.

GENESIS CO., LTD., GENESIS BBQ CO., LTD.,
GENESIS BBQ GLOBAL CO., LTD,
BBDOTQ USA, INC., BBDOTQ LLC,
BBDOTQUSA KTOWN INC.,
BBDOTQ NYC KTOWN LLC,
HYUN WOOK JOO a/k/a HARRY JOO,
ABC CORPORATION 1-99 AND
JOHN DOE 1-99,

                Defendants.

-------------------------------------------------------------------x

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of   Adv. Pro. No. 17-08209 (RDD)
GENESIS BBQ USA, LLC,

       Plaintiff,

    v.

NURI & MARU CORP., SOON BAL HONG,
IN WON KIM, and GENESIS NEW IRVINE 1, INC.,

       Defendants.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of   Adv. Pro. No. 18-08247 (RDD)
GENESIS BBQ USA, LLC,

       Plaintiff,

    v.

BCB CLIFFSIDE CORP. d/b/a BCB CLIFFSIDE
PARK CORP. d/b/a BBQ CHICKEN & BEER
d/b/a BBQ CHICKEN and MIAE KIM ,

       Defendants.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of   Adv. Pro. No. 18-08249 (RDD)
GENESIS BBQ USA, LLC,

       Plaintiff,

    v.

YUWON, CORP. d/b/a BBQ CHICKEN,

       Defendant.

-------------------------------------------------------------------x

```
---------------------------------------------------------------x
```

HOWARD P. MAGALIFF, Chapter 7 Trustee of       Adv. Pro. No. 18-08250 (RDD)
GENESIS BBQ USA, LLC,

           Plaintiff,

    v.

LEE & LIM, LLC d/b/a BBQ CHICKEN ,

           Defendant.

```
---------------------------------------------------------------x
```

**NOTICE OF HEARING ON**
**MOTION OF HOWARD P. MAGALIFF, IN HIS CAPACITY AS**
**CHAPTER 7 TRUSTEE, SEEKING AN ORDER (A) AUTHORIZING**
**ENTRY INTO AND APPROVING SETTLEMENT AGREEMENT,**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019,**
**BETWEEN THE CHAPTER 7 TRUSTEE AND CERTAIN AFFILIATE AND**
**<u>FRANCHISEE DEFENDANTS AND (B)  GRANTING RELATED RELIEF</u>**

**PLEASE TAKE NOTICE** that Howard P. Magaliff, in his capacity as Chapter 7 Trustee

(the "**<u>Trustee</u>**") of Estate of Genesis BBQ USA, LLC, by and through his attorneys Archer &

Greiner, P.C., filed a motion (the "**<u>Motion</u>**") seeking an order (a) authorizing entry into and

approving a settlement agreement, pursuant to Federal Rule of Bankruptcy Procedure 9019

between the Trustee and certain affiliate and franchisee defendants and (b) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that on Wednesday, August 8, 2018 at 10:00 a.m.,

a hearing to consider the relief sought in the Motion will be held before the Honorable Robert D.

Drain, United States Bankruptcy Judge, 300 Quarropas Street, Courtroom 118, White Plains, New

York 10601.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought by the

Trustee in the Motion must be filed with the Court (with a courtesy copy delivered to the Chambers

of Judge Robert D. Drain) in accordance with the Court's electronic filing procedures and served

upon (i) counsel for the Trustee, Archer & Greiner, P.C., Attn: Jeffrey Traurig, Esq., 630 Third

Avenue, New York, New York 10017 and (ii) the Office of the United States Trustee,  U.S. Federal

Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, so as to be filed and

received by Wednesday, August 1, 2018 at 4:00 p.m.

Dated: New York, New York         ARCHER & GREINER, P.C.
       July 12, 2018

                                    By:_____/s/ Jeffrey Traurig_____
                                     Jeffrey Traurig
                               630 Third Avenue
                               New York, New York 10017
                               Tel:   (212) 682-4940
                               Email: jtraurig@archerlaw.com

*Counsel for Howard P. Magaliff,*
*Chapter 7 Trustee of Genesis BBQ*
*USA, LLC, Debtor*

Archer & Greiner, P.C.                    **Hearing Date and Time**: August 8, 2018 at 10:00 a.m.
630 Third Avenue                          **Objection Deadline**: August 1, 2018 at 4:00 p.m.
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Email: jtraurig@archerlaw.com

*Counsel for Howard P. Magaliff,*
*Chapter 7 Trustee of Genesis BBQ*
*USA, LLC, Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re                                     Chapter 7

GENESIS BBQ USA, LLC,                     Case No. 16-22639 (RDD)

                    Debtor.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of   Adv. Pro. No. 18-08257 (RDD)
GENESIS BBQ USA, LLC,

                    Plaintiff,

          v.

GENESIS CO., LTD., GENESIS BBQ CO., LTD.,
GENESIS BBQ GLOBAL CO., LTD,
BBDOTQ USA, INC., BBDOTQ LLC,
BBDOTQUSA KTOWN INC.,
BBDOTQ NYC KTOWN LLC,
HYUN WOOK JOO a/k/a HARRY JOO,
ABC CORPORATION 1-99 AND
JOHN DOE 1-99,

                    Defendants.

-------------------------------------------------------------------x

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of             Adv. Pro. No. 17-08209 (RDD)
GENESIS BBQ USA, LLC,

                        Plaintiff,

          v.

NURI & MARU CORP., SOON BAL HONG,
IN WON KIM, and GENESIS NEW IRVINE 1, INC.,

                        Defendants.

-------------------------------------------------------------------x


HOWARD P. MAGALIFF, Chapter 7 Trustee of             Adv. Pro. No. 18-08247 (RDD)
GENESIS BBQ USA, LLC,

                        Plaintiff,

          v.

BCB CLIFFSIDE CORP. d/b/a BCB CLIFFSIDE
PARK CORP. d/b/a BBQ CHICKEN & BEER
d/b/a BBQ CHICKEN and MIAE KIM ,

                        Defendants.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of             Adv. Pro. No. 18-08249 (RDD)
GENESIS BBQ USA, LLC,

                        Plaintiff,

          v.

YUWON, CORP. d/b/a BBQ CHICKEN,

                        Defendant.

-------------------------------------------------------------------x

2



-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of        Adv. Pro. No. 18-08250 (RDD)
GENESIS BBQ USA, LLC,

                     Plaintiff,

       v.

LEE & LIM, LLC d/b/a BBQ CHICKEN ,

                     Defendant.

-------------------------------------------------------------------x

**MOTION OF HOWARD P. MAGALIFF, IN HIS CAPACITY
AS CHAPTER 7 TRUSTEE, SEEKING AN ORDER (A) AUTHORIZING
ENTRY INTO AND APPROVING SETTLEMENT AGREEMENT,
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019,
BETWEEN THE CHAPTER 7 TRUSTEE AND CERTAIN AFFILIATE AND
FRANCHISEE DEFENDANTS AND (B) GRANTING RELATED RELIEF**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

         Howard P. Magaliff, in his capacity as the Chapter 7 Trustee (the "**Trustee**") of the

Estate of GENESIS BBQ USA, LLC (the "**Debtor**"), by and through his attorneys Archer &

Greiner, P.C., respectfully represents as follows:

## I. Background

         1.      The Debtor filed a voluntary petition for relief under chapter 7 of the United

States Bankruptcy Code on May 10, 2016 (the "**Petition Date**").

         2.      Howard P. Magaliff was appointed as the chapter 7 trustee of the Debtor,

and has accepted his appointment, duly qualified and is acting as the trustee.

         3.      The Debtor was a franchisor of restaurants that operated using the BBQ

Chicken name and intellectual property owned or authorized to be licensed by the Debtor.

4.     As set forth in more detail below, the Trustee commenced 11 separate adversary proceedings against the following current or former franchisees, affiliates and vendors of the Debtor and/or BBDOTQ USA Inc.:

i)     GENESIS CO., LTD., GENESIS BBQ CO., LTD., GENESIS BBQ GLOBAL CO., LTD, BBDOTQ USA, INC., BBDOTQ LLC, BBDOTQUSA KTOWN INC., and BBDOTQ NYC KTOWN LLC (the "**<u>Affiliate Defendants</u>**") and HYUN WOOK JOO a/k/a HARRY JOO, ABC CORPORATION 1-99 and JOHN DOE 1-99 (Adv. Pro. No. 18-08257); and

ii)     NURI AND MARU CORP., SOON BAL HONG, IN WON KIM and GENESIS NEW IRVINE 1, INC. (collectively, the "**<u>Nuri Defendants</u>**") (Adv. Pro. No. 17-08209); and

iii)     BCB CLIFFSIDE CORP. d/b/a BCB CLIFFSIDE PARK CORP. d/b/a BBQ CHICKEN & BEER d/b/a BBQ CHICKEN and MIAE KIM (the "**<u>Cliffside Defendants</u>**") (Adv. Pro. No. 18-08247); and

iv)     YUWON, CORP. d/b/a BBQ CHICKEN ("**<u>Yuwon</u>**") (Adv. Pro. No. 18-08249); and

v)     LEE & LIM, LLC d/b/a BBQ CHICKEN ("**<u>Lee & Lim</u>**", and together with the Nuri Defendants, Cliffside Defendants, Little Neck Defendant and Yuwon, the "**<u>Franchisee Defendants</u>**") (Adv. Pro. No. 18-08250); and

vi)     SHKIM CORP. d/b/a BBQ CHICKEN and SUNGHOON KIM a/k/a SONGHOON KIM a/k/a SUNG HUN KIM d/b/a BBQ CHICKEN (collectively, the "**<u>SHKIM Defendants</u>**") (Adv. Pro. No. 18-08246); and

vii)     BBQ CHICKEN LITTLE NECK CORP. d/b/a BBQ CHICKEN (the "**<u>Little Neck Defendant</u>**", and together with SHKIM Defendants, the "**<u>Other Franchisee Defendants</u>**") (Adv. Pro. No. 18-08248); and

viii)     CATANIA-SPAGNA CORPORATION ("**<u>Catania</u>**") (Adv. Pro. No. 18-08258); and

ix)     HANUL CORPORATION ("**<u>Hanul</u>**") (Adv. Pro. No. 18-08259); and

x)     MAXIMUM QUALITY FOODS, INC. ("**<u>Maximum</u>**") (Adv. Pro. No. 18-08260); and

xi)     NEWLY WEDS FOODS, INC. ("**<u>Newly Weds</u>**", and together with Catania, Hanul and Maximum, the "**<u>Vendor Defendants</u>**") (Adv. Pro. No. 18-08261).

5.     The adversary proceedings sought recoveries for the Debtor's estate based on causes of action for, among other things, (a) payments owed pursuant to the terms of a

promissory note and related agreements owed by a former franchisee, (b) accounts receivable and royalties owed by certain franchisees that either continued to do business with the Debtor's affiliates or failed to otherwise make payments to the Debtor, (c) amounts owed by vendors that the Trustee asserted were fraudulently paid to them for obligations that the Trustee asserted were not obligations of the Debtor, and (d) claims against the Affiliate Defendants based on breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, avoidance and recovery of fraudulent transfers, turnover, accounting, unjust enrichment, tortious interference and successor liability.

6.       On January 9, 2018, the Clerk of the Court issued the *Notice of Possible Payment of Dividends and Last Date to File Claims* [Docket No. 19] in the Debtor's chapter 11 case, pursuant to which April 13, 2018 was established as the deadline to file proofs of claim.

7.       As of July 8, 2018, proofs of claim were filed asserting (a) general unsecured claims in the liquidated amount of $274,508.32 and (b) a priority claim in an unliquidated amount.

## II. **Jurisdiction**

8.       This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief requested by this motion (the "**Motion**") is governed by Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Trustee consents to the entry of a final order by this Court.

## III. **Relief Requested**

9.        During the course of this Chapter 7 case, the Trustee, commenced 11 adversary proceedings against multiple entities including former franchisees, affiliates and

vendors seeking to, *inter alia*, avoid fraudulent transfers and collect receivables the Trustee believes are owed by one or more of the Affiliate Defendants, the Franchisee Defendants, the Other Franchisee Defendants and the Vendor Defendants.

10.    By this Motion, the Trustee seeks entry of an order authorizing the Trustee to enter into a settlement agreement (the "**Settlement Agreement**") with the Affiliate Defendants and the Franchisee Defendants (collectively, the "**Settling Defendants**"), to globally resolve all of the above-referenced adversary proceedings, including providing for the dismissal of the adversary proceedings against the Other Franchisee Defendants and the Vendor Defendants who are not signatories to the Settlement Agreement.

11.    Under the Settlement Agreement, the Debtor's estate will receive a payment in the amount of $365,000.  A copy of the Settlement Agreement is attached hereto as **Exhibit A**. Pursuant to the Settlement Agreement, settlement funds are to be transferred to the attorney trust account for the Affiliate Defendants to be held in an attorney trust account subject to Court approval of the Trustee's entry into the Settlement Agreement.

12.    The Trustee submits that the Settlement Agreement is fair and reasonable and will enable him to make a meaningful distribution to creditors without incurring additional costs and risks inherent in litigation, including the ability to recover from certain foreign defendants and defendants that may not have the ability to make payments.

13.    Accordingly, the Trustee seeks authority to enter into and approval of the Settlement Agreement.

## IV. **The Settlement Agreement**[1]

### A. **The Settlement Agreement**

14.     On February 1, 2017, the Trustee commenced an adversary proceeding against the Nuri Defendants seeking to recover $396,869.00 pursuant to the terms of a promissory note and related agreements.  The Nuri Defendants defaulted and judgment was entered against the Nuri Defendants on May 11, 2018 in the amount of $441,255.15 (including interest).

15.     On April 17, 2018, the Trustee commenced adversary proceedings against the Cliffside Defendants, Yuwon, and Lee & Lim, seeking to recover from the remaining Franchisee Defendants.  The Trustee sought to recover amounts not less than (a) $17,135.40 from the Cliffside Defendants, (b) $13,640.11 from Yuwon, and (c) $60,524.88, from Lee & Lim based on accounts receivable the Trustee determined were owed to the Debtor but had not been paid, plus amounts owed for, among other things, future royalty payments.  Before commencing the adversary proceedings against the Franchisee Defendants, the Trustee sent demand letters to the Franchisee Defendants but did not receive any responses to the demand letter.

16.     In the complaints against the Franchisee Defendants, the Trustee asserted, among other things, that the affiliates of the Debtor had improperly terminated franchise agreements with the Franchisee Defendants and entered into new franchise agreements with the Franchisee Defendants and that payments owed to the Debtor were made to affiliates of the Debtor.

17.     On May 11, 2018, the Trustee filed a complaint (the "**Affiliate Complaint**") against, among others, the Affiliate Defendants seeking unliquidated damages related to, among other things, (a) breaches of fiduciary duties and aiding and abetting breaches of fiduciary duties,

---

[1]  The summary of the Settlement Agreement is qualified by the terms of the Settlement Agreement.  In the event of any conflict, the Settlement Agreement controls.

(b) fraudulent conveyances, (c) accounting, (d) unjust enrichment, (e) tortious interference with contract, (f) successor liability and (g) conversion.

18.    Based upon a review of the limited Debtor's records available to him and his professionals, as set forth in the Affiliate Complaint, the Trustee believed that one or more of the Affiliate Defendants had been involved in a scheme to divert assets from the Debtor to new entities created while the Debtor was insolvent.

19.    After serving the complaints on the Settling Defendants residing in the United States, counsel for the Trustee and counsel for the Settling Defendants conferred regarding the complaints.  Thereafter, the Trustee and his professionals, counsel for the Settling Defendants and a representative of one or more of the Affiliate Defendants participated in a face to face negotiation in attempt to resolve the complaints against the Settling Defendants, as well as the claims against the Other Franchisee Defendants and Vendor Defendants as part of global resolution.

20.    The Settling Defendants deny liability.  Taking into account the costs of litigation and risks, the parties agreed to resolve and settle the Trustee's causes of action in accordance with the terms set forth in the settlement agreement between the Trustee and the Settling Defendants.  The following are the pertinent terms of the Settlement Agreement:

21.    <u>Payment to the Debtor's Estate of $365,000</u>.  Pursuant to the Settlement Agreement, BBDOTQ USA, INC. shall pay $365,000 (the "**<u>Settlement Amount</u>**") to the Debtor's estate.

22.    <u>Waiver and Release of Claims by the Settling Defendants</u>.  The Settlement Agreement provides for the Settling Defendants to (a) release, acquit and discharge the Debtor and its estate, the Trustee and his retained professionals, and their respective successors and assigns,

of and from any claims, administrative expense claim, damages, actions, suits, causes of action,
rights, liens, demands, obligations and/or liabilities arising from or relating to the claims asserted
in the Affiliate Complaint, the complaints against the Franchisee Defendants, this chapter 7 case
and related adversary proceedings and (b) waive any right to file a claim or assert administrative
expenses against the Debtor's estate, including any claim relating to the Settlement Amount
pursuant to 11 U.S.C. § 502(h).

23.    <u>Waiver and Release of Claims by the Trustee.</u>  Upon the Trustee's timely
receipt of both the Settlement Amount in good funds, and subject to approval of the Court, the
Trustee, on behalf of the Debtor's estate, will release, acquit and discharge the Settling Defendants
and their parents, subsidiaries, successors and predecessors-in-interest, assigns, affiliates
(excluding the Other Franchisee Defendants), officers, directors, shareholders, members,
managers, and attorneys (acting as escrow agent with respect to the Settlement Amount), of any
and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations
and/or liabilities arising from or relating to causes of action asserted in the Affiliate Complaint and
the complaints against the Franchisee Defendants.

24.    <u>Dismissal of Adversary Proceedings against the Other Franchisee
Defendants, Vendor Defendants and Satisfaction of the Nuri Judgment.</u>  Upon the Trustee's timely
receipt of both the Settlement Amount in good funds, and subject to approval of the Court, the
Trustee will (a) file with the Court notices of dismissal of the Adversary Proceeding against the
Affiliate Defendants and the adversary proceedings commenced by the Trustee against the
Franchisee Defendants, the Other Franchisee Defendants, and the Vendor Defendants, and (b) file
a satisfaction of the Nuri Judgment.

## V. Argument

### A. Applicable Legal Standards

25.     Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is (a) fair and equitable and (b) in the best interests of the debtor's estate. *See In re Refco Inc.*, 505 F.3d 109, 119 (2d Cir. 2007) ("a bankruptcy court's obligation is to determine whether a settlement is in the best interests of the estate") (emphasis omitted); *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) (applying "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019); *In re Enron Corp.*, No. 02 Civ. 8489, 2003 WL 230838, at *2 (S.D.N.Y. Jan. 31, 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate.") (quotation omitted).

26.     In determining whether a proposed compromise and settlement is fair and equitable, a court should consider the following interrelated factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining.

*Iridium Operating LLC*, 478 F.3d at 462 (citing *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)).

27.     Settlements and compromises should be rejected only if they fall "below the lowest point in the range of reasonableness." *In re Stone Barn Manhattan LLC*, 405 B.R. 68, 75 (Bankr. S.D.N.Y. 2009) (stating that Bankruptcy Rule 9019 "does not require a court to conduct a mini-trial to 'decide the numerous questions of law and fact raised . . . but rather to canvass the issues' raised by the parties and decide whether a proposed settlement falls 'below the lowest point in the range of reasonableness'") (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) and *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985)).

B. **Application of Relevant Standards**

28.     The Trustee's entry into the Settlement Agreement described in this Motion is a sound exercise of the Trustee's business judgment.  The Settlement Agreement is the result of arm's-length negotiations and bargaining and, as set forth above, will result in (a) the Trustee recovering $365,000 for the Debtor's estate that will enable him to pay administrative expenses and make a substantial distribution to the Debtor's creditors, and (b) the Settling Defendants will waive any claims or administrative expenses against the Debtor's estate, including claims under section 502(h) of the Bankruptcy Code, such that the pool of creditors will not be diluted by the settlement.

29.     The *Iridium* factors overwhelmingly support approval of the Settlement Agreement as a sound exercise of the Trustee's business judgment.  First, the possibility of success in any litigation is uncertain.  There can be no assurance that the Trustee would prevail in litigation. The Franchisee Defendants have asserted that any rights of recovery against them are duplicative of actions and recoveries that the Trustee can recover from the Affiliate Defendants.  The Affiliate

Defendants have asserted certain defenses including that any conveyances to them were in exchange for proper consideration. While the Trustee has not conceded the validity of these defenses, the Trustee recognizes that any litigation would be costly, compared with any potential additional recovery from the respective defendants, and entail risk of an unfavorable outcome.

30.     In addition, the Trustee risks the costs and risks of enforcement of any judgment, including the costs and risks associated with potentially being required to enforce a judgment in South Korea, as well as pursuing claims against certain of the Settling Defendants that may not have the financial ability to satisfy judgments.

31.     The other *Iridium* factors also support approval of the Settlement Agreement. Creditors will benefit from the recovery of the settlement amounts set forth above from the settling defendants and the Trustee anticipates that a substantial distribution will be available to pay timely filed claims, after payment of administrative expenses. The waiver and releases set forth in the Settlement Agreement also are the product of good-faith, arm's-length bargaining between the Settling Defendants and the Trustee.

32.     Moreover, although the Trustee is agreeing to dismiss the actions against the Other Franchise Defendants and the Vendor Defendants, the Trustee believes the releases are reasonable in light of the amount being paid as part of the settlement, which settlement requires the dismissal of those actions. Litigating with the Vendor Defendants could be costly without certainty of recovery and the ability to recover from the Other Franchisee Defendants is questionable even if a judgment is entered against them.

33.     Accordingly, the Trustee believes that entry into the Settlement Agreement is fair and reasonable to the Debtor, is in the best interests of the chapter 7 estate and creditors and should be approved pursuant to Bankruptcy Rule 9019.

## VI. <u>Notice</u>

34.     Notice of the Motion will be given to (a) the creditors set forth on the "List of Creditors" maintained on the Court's website for the Debtor's chapter 7 case, (b) the parties that have filed proofs of claim, (c) each of the defendants to the adversary proceedings or their counsel, (d) parties that have filed a notice of appearance and (e) the U.S. Trustee.  The Trustee submits that no other or further notice need be provided.

## VII. <u>No Prior Request</u>

35.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that this Court (i) enter an Order substantially in the form attached hereto as **<u>Exhibit B</u>** authorizing the Trustee's entry into the Settlements Agreement and approving the Settlement Agreement; and (ii) grant the Trustee such other and further relief as the Court may deem proper.

Dated: New York, New York
     July 12, 2018

ARCHER & GREINER, P.C.

By:  /s/ Jeffrey Traurig
    Jeffrey Traurig
630 Third Avenue
New York, New York 10017
Tel:  (212) 682-4940
Email: jtraurig@archerlaw.com

*Counsel for Howard P. Magaliff,*
*Chapter 7 Trustee of Genesis BBQ USA, LLC, Debtor*

**Exhibit A**
**<u>Settlement Agreement</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re                                                   Chapter 7

GENESIS BBQ USA, LLC,                                   Case No. 16-22639 (RDD)

                    Debtor.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of               Adv. Pro. No. 18-08257 (RDD)
GENESIS BBQ USA, LLC,

                    Plaintiff,

       v.

GENESIS CO., LTD., GENESIS BBQ CO., LTD.,
GENESIS BBQ GLOBAL CO., LTD,
BBDOTQ USA, INC., BBDOTQ LLC,
BBDOTQUSA KTOWN INC.,
BBDOTQ NYC KTOWN LLC,
HYUN WOOK JOO a/k/a HARRY JOO,
ABC CORPORATION 1-99 AND
JOHN DOE 1-99,

                    Defendants.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of               Adv. Pro. No. 17-08209 (RDD)
GENESIS BBQ USA, LLC,

                    Plaintiff,

       v.

NURI & MARU CORP., SOON BAL HONG,
IN WON KIM, and GENESIS NEW IRVINE 1, INC.,

                    Defendants.

-------------------------------------------------------------------x

------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of
GENESIS BBQ USA, LLC,

                    Plaintiff,

        v.

BCB CLIFFSIDE CORP. d/b/a BCB CLIFFSIDE
PARK CORP. d/b/a BBQ CHICKEN & BEER
d/b/a BBQ CHICKEN and MIAE KIM,

                    Defendants.

Adv. Pro. No. 18-08247 (RDD)

------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of
GENESIS BBQ USA, LLC,

                    Plaintiff,

        v.

YUWON, CORP. d/b/a BBQ CHICKEN,

                    Defendant.

Adv. Pro. No. 18-08249 (RDD)

------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of
GENESIS BBQ USA, LLC,

                    Plaintiff,

        v.

LEE & LIM, LLC d/b/a BBQ CHICKEN,

                    Defendant.

Adv. Pro. No. 18-08250 (RDD)

------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") by and among (a) HOWARD P. MAGALIFF, in his capacity as the Chapter 7 Trustee (the "**Trustee**") of the estate of GENESIS BBQ USA, LLC (the "**Debtor**"), (b) GENESIS CO., LTD., GENESIS BBQ CO., LTD., GENESIS BBQ GLOBAL CO., LTD, BBDOTQ USA, INC., BBDOTQ LLC, BBDOTQUSA KTOWN INC., BBDOTQ NYC KTOWN LLC (the "**Affiliate Defendants**"), and (c) the Franchisee Defendants (defined below) (together with the Affiliate Defendants, the "**Settling Defendants**" and together with the Trustee, the "**Parties**") sets forth the terms upon which the Parties have agreed to settle the matter described below:

## RECITALS

**WHEREAS**, on May 10, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 16-22639 (RDD); and

**WHEREAS**, Howard P. Magaliff was appointed as the chapter 7 trustee of the Debtor's estate, and has accepted his appointment, duly qualified and is acting as the trustee; and

**WHEREAS**, on May 9, 2018, the Trustee commenced the above-captioned adversary proceeding (Adv. Pro. No. 18-08257) (the "**Affiliate Adversary Proceeding**") by filing a complaint (the "**Affiliate Complaint**") against Hyun Wook Joo a/k/a Harry Joo and the Affiliate Defendants, asserting among other things, (a) breaches of fiduciary duties and aiding and abetting breaches of fiduciary duties, (b) fraudulent conveyances, (c) accounting, (d) unjust enrichment, (e) tortious interference with contract, (f) successor liability, (g) conversion, (h)

turnover of property of the Debtor's estate and (i) subordination and disallowance of any claims; and

**WHEREAS**, the Trustee also filed adversary proceedings against the following current or former franchisees, affiliates and vendors of the Debtor and/or BBDOTQ USA Inc.:

i)   NURI AND MARU CORP., SOON BAL HONG, IN WON KIM and GENSIS NEW IRVINE 1, INC. (collectively, the "**Nuri Defendants**") (Adv. Pro. No. 17-08209); and

ii)   BCB CLIFFSIDE CORP. d/b/a BCB CLIFFSIDE PARK CORP. d/b/a BBQ CHICKEN & BEER d/b/a BBQ CHICKEN and MIAE KIM  (the "**Cliffside Defendants**") (Adv. Pro. No. 18-08247); and

iii)   YUWON, CORP. d/b/a BBQ CHICKEN ("**Yuwon**") (Adv. Pro. No. 18-08249); and

iv)   LEE & LIM, LLC d/b/a BBQ CHICKEN ("**Lee & Lim**", and together with the Nuri Defendants, Cliffside Defendants, Little Neck Defendant and Yuwon, the "**Franchisee Defendants**") (Adv. Pro. No. 18-08250; and

v)   SHKIM CORP. d/b/a BBQ CHICKEN and SUNGHOON KIM a/k/a SONGHOON KIM a/k/a SUNG HUN KIM d/b/a BBQ CHICKEN (collectively, the "**SHKIM Defendants**") (Adv. Pro. No. 18-08246); and

vi)   BBQ CHICKEN LITTLE NECK CORP. d/b/a BBQ CHICKEN (the "**Little Neck Defendant**", and together with SHKIM Defendants, the "**Other Franchisee Defendants**") (Adv. Pro. No. 18-08248); and

vii)   CATANIA-SPAGNA CORPORATION ("**Catania**") (Adv. Pro. No. 18-08258); and

viii)   HANUL CORPORATION ("**Hanul**") (Adv. Pro. No. 18-08259);

ix)   MAXIMUM QUALITY FOODS, INC. ("**Maximum**") (Adv. Pro. No. 18-08260); and

x)   NEWLY WEDS FOODS, INC. ("**Newly Weds**", and together with Catania, Hanul and Maximum, the "**Vendor Defendants**") (Adv. Pro. No. 18-08261); and

**WHEREAS**, on May 11, 2018, a judgment was entered against the Nuri Defendants in the amount of $441,255.15 (the "Nuri Judgment"); and

**WHEREAS**, the Settling Defendants deny liability and assert certain affirmative defenses; and

2

**WHEREAS**, to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in this Agreement.

## SETTLEMENT

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.  The recitals set forth above are incorporated herein by reference and form part of this Agreement.

2.  Upon execution of this Agreement by the Parties, BBDOTQ USA, INC. shall deliver $365,000 (the "**Settlement Amount**") to its counsel, Lee Anav Chung White Kim Ruger & Richter LLP ("**Lee Anav**") to be held in its non-interest bearing IOLA account pending entry of an Order of the Court authorizing the Trustee to enter into this Agreement.

3.  No later than 3 business days after entry of an Order of the Court authorizing the Trustee to enter into this Agreement becomes final and non-appealable, Lee Anav shall deliver the Settlement Amount to Archer & Greiner, P.C., special litigation counsel to the Trustee, at 630 Third Avenue, New York, New York 10017, attn: Jeffrey Traurig, Esq., by a check from Lee Anav's IOLA account made payable to "Howard P. Magaliff, Chapter 7 Trustee of the estate of GENESIS BBQ USA, LLC" or, at the discretion of the Trustee, by wire according to instructions that will be provided by the Trustee's counsel.

4.  Upon receipt of a fully executed copy of this Agreement, and subject to approval of the Court of the Trustee's entry into this Agreement, the Settling Defendants hereby (a) release, acquit and discharge the Debtor and its estate, the Trustee and his retained

3

professionals, and their respective successors and assigns, of and from any claims, administrative expense claim, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the claims asserted in the Affiliate Complaint, the complaints against the Franchisee Defendants, this chapter 7 case and related adversary proceedings and (b) waive any right to file a claim or assert administrative expenses against the Debtor's estate, including any claim relating to the Settlement Amount pursuant to 11 U.S.C. § 502(h).

5.      Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement, and subject to approval of the Court, the Trustee, on behalf of the Debtor's estate, hereby releases, acquits and discharges the Settling Defendants and their parents, subsidiaries, successors and predecessors-in-interest, assigns, affiliates (excluding the Other Franchisee Defendants), officers, directors, shareholders, members, managers, and attorneys (acting as escrow agent with respect to the Settlement Amount), of any and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to causes of action asserted in the Affiliate Complaint and the complaints against the Franchisee Defendants.

6.      Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement, and subject to approval of the Court, the Trustee shall (a) file with the Court notices of dismissal of the Affiliate Adversary Proceeding and the adversary proceedings commenced by the Trustee against the Franchisee Defendants, the Other Franchisee Defendants, and the Vendor Defendants, and  (b) file a satisfaction of the Nuri Judgment.

4

7.     If the Settlement Amount is not received in good funds and/or not received on or before the deadline set forth above, the releases set forth in paragraph 5 shall be null and void and the Trustee shall not be required to dismiss the adversary proceedings referenced in paragraph 6 of this Agreement.

8.     Pending approval by the Court of the Trustee's entry into the Agreement, the Trustee agrees to extend the time of the Settling Defendants to answer and shall suspend any further proceedings as against the Franchisee Defendants and shall not seek to enforce the Nuri Judgment.

9.     The Parties acknowledge that this Agreement is a compromise of disputed claims and that the Settling Defendants neither admit, and each expressly denies, any liability on its part.

10.     BBDOTQ USA, INC. represents and warrants that it is solvent.

11.     Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party, to bind his or her respective principal or principals, or client or clients, to the terms and conditions of this Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

12.     The Parties declare and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regards to the subject matter, basis or effect of this Agreement or otherwise, other than as specially stated in this Agreement.

13.     The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose

5

expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

14.    The Parties agree that each Party has reviewed this Agreement and that each Party fully understands and voluntarily accepts all the provisions contained in this Agreement. The Parties further agree that this Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

15.    This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

16.    No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

17.    This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

18.    This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The Parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement.

19.    This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: July 11, 2018
    New York, New York

HOWARD P. MAGALIFF, as Chapter 7
Trustee of the estate of GENESIS BBQ
USA, LLC


_____/s/ Howard P. Magaliff_____
HOWARD P. MAGALIFF
Rich Michaelson Magaliff, LLP
335 Madison Ave 9th Floor
New York , New York 10017
(646) 453-7854

Dated: July 11, 2018
    New York, New York

Affiliate Defendants

By their Counsel:

LEE ANAV CHUNG WHITE
KIM RUGER & RICHTER LLP


By: ___/s/ Michael M. Yi_____
    Michael M. Yi

99 Madison Avenue, 8th Floor
New York, New York  10016
(212) 271-0664

Dated: July 11, 2018
    New York, New York

Franchisee Defendants

By their Counsel:

WEISS ZARETT BROFMAN
SONNENKLAR & LEVY P.C.


By: ___/s/ Michael D. Brofman_____
    Michael D. Brofman

3333 New Hyde Park Road, Suite 211
New York, New York  11042
(516) 627-7000

7

**Exhibit B**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re                                                    Chapter 7

GENESIS BBQ USA, LLC,                                    Case No. 16-22639 (RDD)

                Debtor.

------------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of                 Adv. Pro. No. 18-08257 (RDD)
GENESIS BBQ USA, LLC,

                Plaintiff,

       v.

GENESIS CO., LTD., GENESIS BBQ CO., LTD.,
GENESIS BBQ GLOBAL CO., LTD,
BBDOTQ USA, INC., BBDOTQ LLC,
BBDOTQUSA KTOWN INC.,
BBDOTQ NYC KTOWN LLC,
HYUN WOOK JOO a/k/a HARRY JOO,
ABC CORPORATION 1-99 AND
JOHN DOE 1-99,

                Defendants.

------------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of                 Adv. Pro. No. 17-08209 (RDD)
GENESIS BBQ USA, LLC,

                Plaintiff,

      v.

NURI & MARU CORP., SOON BAL HONG,
IN WON KIM, and GENESIS NEW IRVINE 1, INC.,

                Defendants.

------------------------------------------------------------------------x

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of                Adv. Pro. No. 18-08247 (RDD)
GENESIS BBQ USA, LLC,

                Plaintiff,

       v.

BCB CLIFFSIDE CORP. d/b/a BCB CLIFFSIDE
PARK CORP. d/b/a BBQ CHICKEN & BEER
d/b/a BBQ CHICKEN and MIAE KIM ,

                Defendants.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of                Adv. Pro. No. 18-08249 (RDD)
GENESIS BBQ USA, LLC,

                Plaintiff,

       v.

YUWON, CORP. d/b/a BBQ CHICKEN,

                Defendant.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of                Adv. Pro. No. 18-08250 (RDD)
GENESIS BBQ USA, LLC,

                Plaintiff,

       v.

LEE & LIM, LLC d/b/a BBQ CHICKEN ,

                Defendant.

-------------------------------------------------------------------x

## ORDER (A) AUTHORIZING
## ENTRY INTO AND APPROVING SETTLEMENT AGREEMENT,
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019,
## BETWEEN THE CHAPTER 7 TRUSTEE AND CERTAIN AFFILIATE AND
## <u>FRANCHISEE DEFENDANTS AND (B)  GRANTING RELATED RELIEF</u>

Upon the motion dated July 12, 2018 (the "**Motion**"), of Howard P. Magaliff, in his capacity as the Chapter 7 Trustee (the "**Trustee**") of the Estate of GENESIS BBQ USA, LLC (the "**Debtor**"), by and through his attorneys Archer & Greiner, P.C., pursuant to Federal Rule of Bankruptcy Procedure 9019, seeking entry of an order authorizing entry into and approving the settlement agreement (the "**Settlement Agreement**"), annexed to the Motion as <u>Exhibit A</u> by and among the Trustee, the Affiliate Defendants (as defined in the Motion) and the Franchisee Defendants (as defined in the Motion); and the Court having found that (i) the Court has jurisdiction over this matter, (ii) notice of the Motion and the opportunity for a hearing thereon was sufficient and no additional notice of or a hearing the Motion is required under the circumstances, (iii) the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest and is supported by good business reasons in accordance with Bankruptcy Rule 9019 and (iv) the settlement was negotiated at arms' length and in good faith and is fair and equitable; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; now, therefore,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED pursuant to Fed. R. Bankr. P. 9019 as set forth herein.

2.      The Trustee is authorized to enter into the Settlement Agreement.

3.      The Settlement Agreement attached to the Motion is approved.

4.      The Trustee is authorized to take the actions required by the Trustee

under the Settlement Agreement.

        5.      The Court shall retain jurisdiction with respect to all matters arising

from or related to the implementation of this Order and the Settlement Agreement.

Dated: White Plains, New York
      August  __, 2018

                                     _____

                                     ROBERT D. DRAIN
                                     UNITED STATES BANKRUPTCY JUDGE